IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **LESLEY EUGENE WARREN** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:05CV00260 |
| | ) | |
| **MARVIN POLK, Warden,** | ) | |
| **Central Prison,** | ) | |
| **Raleigh, North Carolina,** | ) | |
| | ) | |
| Respondent. | ) | |

## O-R-D-E-R

LESLEY EUGENE WARREN, a prisoner of the State of North Carolina, has been sentenced to death. He has filed a motion in this Court pursuant to 21 U.S.C. § 848(q)(4)(B) for the appointment of counsel to represent him in this § 2254 action.[1] Additionally,

---

[1] 21 U.S.C. § 848(q)(4)(B) provides for the appointment of counsel to represent defendants charged with or convicted of a capital crime. Section 848(q)(4)(B) covers appointment of counsel for both state and federal post-conviction proceedings. It states:

> In any post conviction proceeding under section 2254 or 2255 of Title 28, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with paragraphs (5), (6), (7), (8), and (9).

21 U.S.C. § 848(q)(4)(B).

Petitioner has submitted an affidavit of indigency.  In reliance upon the representations set forth in the request, it appears that Petitioner qualifies as an indigent for appointment of counsel pursuant to 21 U.S.C. § 848(q)(4)(B).

**IT IS ORDERED** that Petitioner's motion for appointment of counsel to represent him in this action is granted and Robyn B. Withrow and Kristin Davis Parks are hereby appointed to represent Petitioner, nunc pro tunc to the time that affidvaits of counsel will show they began work on the petition to be filed herein.  Counsel may file a petition on any date after entry of this Order, subject to the applicable statute of limitations.

**IT IS FURTHER ORDERED** that within thirty (30) days from the filing date of a petition in this action, Respondent shall file (1) an answer (limited to 30 pages) which includes a statement as to what extent this case comes within the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amendments (in particular, 28 U.S.C. § 2261), (2) a copy of the state court record, and (3) any procedural motion and brief of not more than fifteen (15) pages covering issues such as procedural bar, statute of limitations defense, etc.

**IT IS FURTHER ORDERED** that cross-motions for summary judgment on the merits would not be appropriate and the parties shall abide by the following briefing schedule.  Petitioner shall file his brief in support of his petition within thirty (30) days from the filing of the State's answer.  This brief shall address both the merits of Petitioner's claims and any procedural motion by Respondent.  Respondent shall file a response within thirty

(30) days thereafter.  Petitioner may file a reply brief ten (10) days thereafter.  The briefs shall be self-contained, autonomous units containing all of the parties' legal arguments, i.e., the parties may not refer the Court to any prior briefs for their issues or arguments.  The briefs need only provide a short statement of the nature and posture of the case by referencing and attaching the pertinent state court decisions which are challenged.  Each issue shall (1) be separately briefed, (2) include a summary of the argument, (3) include a concise statement of the standard of review, and (4) identify any special facts the Court should consider with appropriate references to the record.

**IT IS FURTHER ORDERED** that Local Rule 7.3(d) briefing limitations are expanded as follows:  Initial and Response Briefs are expanded to sixty (60) pages and the Reply Brief to twenty (20) pages.


                                                                    /s/ P. Trevor Sharp
                                                            United States Magistrate Judge


Date:  March 28, 2005